Rufus John SHEPHERD, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74892.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

Rufus John Shepherd, England, UK, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Jennifer L. Lightbody, Esq., Stephen J. Flynn, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Rufus John Shepherd, a native and citizen of the United Kingdom, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen and affirming an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), review de novo constitutional challenges, *id.*, and review for substantial evidence the agency's factual determinations, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003). We deny in part, and dismiss in part, the petition for review.

■ The BIA did not abuse its discretion in denying the motion to reopen on the ground that Shepherd failed to establish a prima facie claim of citizenship because the record is insufficient to establish that "paternity [was] established during minority, by legitimation, or adjudication of a competent court" as was required by former section 205 of the Nationality Act of 1940, found at 8 U.S.C. § 605 (1945). *See id.* at 785 (explaining that to reopen, alien must establish a "reasonable likelihood that the statutory requirements for relief have been satisfied"); *Ablang v. Reno*, 52 F.3d 801, 803 (9th Cir.1995) (explaining that the applicable law for transmitting citizenship to a child born abroad out of wedlock "is the statute that was in effect at the time of the child's birth"); *cf.* 8 U.S.C. § 1409(b).

■ Substantial evidence supports the BIA's determination that Shepherd has not established eligibility for asylum, withholding of removal, or protection under the CAT. The record does not contain evidence that Shepherd has a well-founded fear of, or is likely to be subject to, persecution in the United Kingdom. *See Singh v. Gonzales*, 439 F.3d 1100, 1111–13 (9th Cir.2006). Nor does it contain evidence that it is more likely than not that he would face torture. *See id.* at 1113.

■ To the extent Shepherd contends he is eligible for adjustment of status, suspension of deportation, cancellation of removal, or a section 212 waiver, we lack jurisdiction to review these contentions because Shepherd did not exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Shepherd's contention that the requirements of 8 U.S.C. § 1409 violate equal protection lacks merit. *See Nguyen v. INS*, 533 U.S. 53, 61, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.